UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | CR-05-49-B-W |
| | ) | |
| AUGUSTUS J. EDGERTON | ) | |

**ORDER ON DEFENDANT'S MOTION TO STRIKE**

Augustus Edgerton, charged with making a false statement in an attempted acquisition of a firearm, a violation of 18 U.S.C. § 922(a)(6), moves to strike from the Indictment the phrase "likely to deceive" on the ground it is either unconstitutionally vague or so overbroad that it violates the First Amendment. The Indictment, in relevant part, reads:

> On or about April 1, 2004, in the District of Maine, [Mr. Edgerton] in connection with his attempted acquisition of a firearm . . . from . . . a licensed federal firearms dealer, knowingly made a false statement [on ATF Form 4473], which statement was intended or likely to deceive [the federally-licensed firearms dealer] with respect to a fact material to the lawfulness of the attempted acquisition of that firearm by the defendant . . . . .

*Indictment* (Docket # 1). The language of the Indictment tracks the statute[1] and the Pattern Criminal Jury Instructions for the District Courts of the First Circuit.[2]

---

[1] Title 18, United States Code, section 922(a)(6) provides in pertinent part:
   (a) It shall be unlawful –
   (6) for any person in connection with the acquisition or attempted acquisition of any firearm . . . from a . . . licensed dealer . . . knowingly to make any false or fictitious oral or written statement . . . intended or likely to deceive such . . . dealer . . . with respect to any fact material to the lawfulness of the sale or other disposition of such firearm . . . under the provisions of this chapter[.]

[2] The Pattern Criminal Jury Instructions for the District Courts of the First Circuit, among other things, set forth the elements the Government must prove in a § 922(a)(6) prosecution:
   First, that [defendant] knowingly made a false statement as charged in the Indictment;
   Second, that at the time [he] made the statement, [defendant] was trying to buy a [firearm] from a [licensed dealer]; and
   Third, that the statement was intended to, or likely to, deceive the licensed dealer . . . about a fact material to the lawfulness of the sale.

Federal Rule of Criminal Procedure 7(d) empowers district courts to "strike surplusage from the indictment or information" upon a defendant's motion. But, Mr. Edgerton has not asked this Court to strike irrelevant, prejudicial surplusage from the language of the Indictment. *See United States v. Cormier*, 226 F.R.D. 23, 24-27 (D. Me. 2005). Instead, Mr. Edgerton would have the Court strike an element of the crime. *See* JUDGE HORNBY'S 2005 REVISIONS TO THE PATTERN CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE FIRST CIRCUIT § 4.18.922(a) (noting that the third element the Government must prove in a § 922(a)(6) action is that "the statement was intended to, *or likely to*, *deceive* the licensed dealer . . . about a fact material to the lawfulness of the sale.") (emphasis supplied). This Court declines to do so.

To the extent Mr. Edgerton claims the phrase, "likely to deceive," is unconstitutionally vague or so overbroad it violates the First Amendment, he cites, and this Court has uncovered, no authority for either proposition. The First Circuit has considered the scienter requirement in firearms cases and has concluded that "'(s)ection 922(a)(6) does not require a showing that [a defendant] "knowingly" violated the law; it simply requires proof that [he] "knowingly" made a false statement.'" *United States v. Currier*, 621 F.2d 7, 10 (1st Cir. 1980) (quoting *Cody v. United States*, 460 F.2d 34, 38 (8th Cir. 1972)). As drafted by Congress and as interpreted by the First Circuit, this statute is neither vague nor overbroad and has no conceivable impact on the exercise of rights guaranteed by the First Amendment.

This Court DENIES the Defendant's Motion to Strike (Docket # 45).

---

JUDGE HORNBY'S 2005 REVISIONS TO THE PATTERN CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE FIRST CIRCUIT § 4.18.922(a).

SO ORDERED.

                                                              /s/ John A. Woodcock, Jr.
                                                              JOHN A. WOODCOCK, JR.
                                                              UNITED STATES DISTRICT JUDGE

Dated this 6th day of March, 2006